
```
____FILED         ____RECEIVED
____ENTERED       ____SERVED ON
                  COUNSEL/PARTIES OF RECORD

           APR 2 1 2021

       CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-062-JCM-NJK |
| Plaintiff, | **Preliminary Order of Forfeiture** |
| v. | |
| PAUL HWAN JIN, | |
| Defendant. | |

This Court finds Paul Hwan Jin pled guilty to Count 1 of a 25-Count Superseding Criminal Indictment charging him with conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 1029(b)(2). Superseding Criminal Indictment, ECF No. 23; Plea Agreement, ECF No. 127.

This Court finds Paul Hwan Jin agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement, the Amended Bill of Particulars, and Forfeiture Allegation One of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 23; Amended Bill of Particulars, ECF No. 78; Plea Agreement, ECF No. 127.

The following property and money judgment are (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1029(a)(2), or 18 U.S.C. § 1029(b)(2), conspiracy to commit such offense; (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. § 1029(a)(2), or 18 U.S.C. § 1029(b)(2), conspiracy to violate such offense; or (3) any personal property used or intended to be used to commit the violations of 18 U.S.C. § 1029(a)(2) and 18 U.S.C. § 1029(b)(2), and is subject to forfeiture pursuant to

18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(B); and 18 U.S.C. § 1029(c)(1)(C) and (c)(2):

    1. $67,190.86; and

    2. $7,492.88

(all of which constitutes property);

and an in personam criminal forfeiture money judgment of $1,627,359.77, not to be held jointly and severally liable with any codefendants, but with the total collected money judgment amount between the codefendants not to exceed $1,627,359.77, and that the property will be applied toward the payment of the money judgment.

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Paul Hwan Jin an in personam criminal forfeiture money judgment of $1,627,359.77.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Paul Hwan Jin in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6)

1  and 21 U.S.C. § 853(n)(2). In the alternative, if the value of the property is less than $1,000,
2  the government may instead serve every person reasonably identified as a potential claimant
3  in lieu of publication pursuant to Fed. R. Crim. P. 32.2(b)(6)(C) with Fed. R. Civ. P. Supp.
4  Rule G(4)(a)(i)(A).

5      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual
6  or entity who claims an interest in the aforementioned property must file a petition for a
7  hearing to adjudicate the validity of the petitioner's alleged interest in the property, which
8  petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C §
9  853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's
10 right, title, or interest in the forfeited property and any additional facts supporting the
11 petitioner's petition and the relief sought.

12     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any,
13 must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,
14 Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was
15 not sent, no later than sixty (60) days after the first day of the publication on the official
16 internet government forfeiture site, www.forfeiture.gov.

17     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that a copy of the
18 petition, if any, shall be served upon the Assistant United States Attorney at the following
19 address at the time of filing:

20     Attn: Asset Forfeiture
    501 Las Vegas Boulevard South, Suite 1100
21     Las Vegas, Nevada 89101.

22     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice
23 described herein need not be published in the event a Declaration of Forfeiture is issued by
24 the appropriate agency following publication of notice of seizure and intent to
25 administratively forfeit the above-described property.

26 ///
27 ///
28 ///

3

1  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send
2 copies of this Order to all counsel of record and three certified copies to the United States
3 Attorney's Office, Attention Asset Forfeiture Unit.
4  DATED 4/21/21, 2021.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

4