CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number 14853
PETER S. LEVITT
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
peter.s.levitt@usdoj.gov
Attorneys for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PAUL HWAN JIN, et al.,

Defendant.

2:17-CR-062-JCM-NJK

**Stipulation for Entry of Order of Forfeiture as to Ji Jin as a Third Party Petitioner and Order**

The United States of America and Ji Jin agree as follows:

1. The Grand Jury sitting in Las Vegas, Nevada returned a 25-Count Superseding Criminal Indictment against Paul Hwan Jin for violations of 18 U.S.C. § 1029(a)(2) and (b)(2); 18 U.S.C. § 1956(h); and 18 U.S.C. § 1957. Superseding Criminal Indictment, ECF No. 23.

2. Paul Hwan Jin pled guilty to Count 1 of a 25-Count Superseding Criminal Indictment charging him with conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(a)(2) and (b)(2) and agreed to the forfeiture of property set forth in the Plea Agreement, the Amended Bill of Particulars, and Forfeiture Allegation One of the Superseding Criminal Indictment. Superseding Criminal Indictment, ECF No. 23; Amended Bill of Particulars, ECF No. 78.

/ / /

/ / /

/ / /

1

3. Ji Jin knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the following property:

    1. $67,190.86; and

    2. $7,492.88

(all of which constitutes property).

4. Ji Jin knowingly and voluntarily agrees to abandon or to forfeit the property to the United States.

5. Ji Jin knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

6. Ji Jin knowingly and voluntarily agrees to waive her right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

7. Ji Jin knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

8. Ji Jin knowingly and voluntarily agrees to waive any further notice to her, her agents, or her attorneys regarding the forfeiture and disposition of the property.

9. Ji Jin knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

10. Ji Jin knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents she filed in any proceedings concerning the property.

11. Ji Jin knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, and 32.2, the constitutional requirements, and the constitutional due process requirements of any abandonment proceedings or any forfeiture proceedings concerning the property.

/ / /

12. Ji Jin knowingly and voluntarily agrees to waive her right to a hearing on the forfeiture of the property.

13. Ji Jin knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses and claims to the forfeiture of the property and the in personam criminal forfeiture money judgment in any proceedings, including but not limited to, (a) any constitutional or statutory double jeopardy defenses and claims, (b) any defenses and claims under the Eighth Amendment to the United States Constitution, including, but not limited to, any defenses and claims of excessive fines or cruel and unusual punishments, and (c) any constitutional defenses and claims under *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

14. Ji Jin knowingly and voluntarily agrees to the entry of an Order of Forfeiture of the property to the United States.

15. Ji Jin waives the right to appeal any Order of Forfeiture.

16. Ji Jin understands that the forfeiture of the property shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment or any other penalty that may be imposed in addition to forfeiture.

17. Ji Jin knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Ji Jin and Order (Stipulation).

18. Ji Jin knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any claim made by her or any third party arising from the facts and circumstances of this case.

19. Ji Jin knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the United States Internal Revenue Service, the Las Vegas Metropolitan Police Department, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any

kind that Ji Jin now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

20. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

21. The Stipulation contains the entire agreement between the parties.

22. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Stipulation.

23. The persons signing the Stipulation warrant and represent that they have full authority to execute the Stipulation and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Stipulation.

24. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear her or its own attorneys' fees, expenses, interest, and costs.

26. Nothing in this agreement shall impair Ji Jin from litigating her interest in CBLV, LLC d/b/a Chloe Beauty, under 21 U.S.C. § 853(n) in this case.

27. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

/ / /

/ / /

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

DATED: 03/25/2020

_____
Ji Jin

DATED: 07/09/2021

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Peter S. Levitt*
PETER S. LEVITT
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: July 14, 2021

5